IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STERLING MCKOY, | ) | 8:08CV194 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MIKE FAHEY, Mayor, HAL DAUB, | ) | **MEMORANDUM** |
| Former Mayor, CITY OF OMAHA, | ) | **AND ORDER** |
| THOMAS WARREN, The Chief of | ) | |
| Police, ALAN PEPIN, JOHN DOE, | ) | |
| JEFFERY GASSAWAY, Officer, | ) | |
| and GEORGE COLLINS, Officer, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on April 30, 2008. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 9.) Plaintiff also filed a Motion to Appoint Counsel (filing no. 5), and a Motion for Miscellaneous Relief (filing no. 10), which are both pending as of the date of this Memorandum and Order. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I. SUMMARY OF COMPLAINT

Plaintiff's Complaint names eight Defendants, including the City of Omaha, Nebraska, and seven individuals. (Filing No. 1 at CM/ECF pp. 1-2.) Defendants are sued in both their official and individual capacities. (*Id.* at CM/ECF p. 2.) Plaintiff is currently confined in the United States Penitentiary in Terre Haute, Indiana. (*Id.* at CM/ECF p. 1.)

-1-

Condensed and summarized, Plaintiff alleges that because Defendants have failed to adequately train, supervise, or discipline their officers, the officers engaged in a conspiracy which led to Plaintiff's "pretextual traffic stop" and " unreasonable search and seizure." (*Id.* at CM/ECF pp. 11-13.) Plaintiff alleges that Defendants carried out this "policy" against him with "deliberate indifference" toward his "4th, 5th, 6th, and 14th Amendment rights." (*Id.* at CM/ECF p. 13.) The majority of Plaintiff's Complaint details the events leading up to Plaintiff's arrest and conviction for possession of crack cocaine. In particular, Plaintiff alleges that Defendants used "perjured testimony," that they "fabricated police reports," and engaged in other conduct which resulted in Plaintiff's "false arrest" and conviction. (*Id.* at CM/ECF pp. 7-9.) Plaintiff seeks compensatory damages in the amount of $5,000,000.00, punitive damages in the amount of $5,000,000.00, "cost[s] in this suit . . . and any additional relief that [the] [c]ourt deems just, proper and equitable." (*Id.* at CM/ECF p. 14.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *See generally, Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for

failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION OF CLAIMS

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973) and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. See *Heck*, 512 U.S. at 486-87.

Here, Plaintiff's claims relate entirely to his arrest and conviction. Plaintiff alleges in detail the events surrounding his arrest and relates those events to the "policy or custom" used by Defendants to cover up "pretextual traffic stops,

unreasonable search and seizures . . . and conspiracies." (Filing No. 1 at CM/ECF pp. 11-13.) These allegations necessarily implicate the validity of Plaintiff's conviction and incarceration. Stated another way, although Plaintiff does not specifically seek review of his conviction and sentence, this court could grant none of the relief sought by Plaintiff without first determining that his conviction and incarceration were unlawfully obtained. As set forth above, the court cannot address these claims in an action brought pursuant to 42 U.S.C. § 1983. However, the court will dismiss Plaintiff's claims without prejudice to reassertion in a habeas corpus or similar proceeding.[1]

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice to reassertion in accordance with this Memorandum and Order.

2. Plaintiff's Motion to Appoint Counsel (filing no. 5), and Motion for Miscellaneous Relief (filing no. 10) are denied as moot.

3. The Clerk of the court is directed to mail to Plaintiff the Form AO243 packet, Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody.

---

[1] To the extent Plaintiff is attempting to bring his claims on behalf of a class of individuals in the Omaha, Nebraska community, he cannot do so. *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); *Allnew v. City of Duluth*, 983 F.Supp. 825, 831 (D. Minn. 1997) ("To this extent, we join those Courts which have determined that the rights and interests of potential class members are of too critical importance to be entrusted to a litigant who is not ably assisted by fully competent legal counsel. While one may elect to risk his or her own rights and interests by self-representation, jeopardizing the rights of all who may fall within the putative class is a far more daunting consideration.").

4.  A separate judgment will be entered in accordance with this Memorandum and Order.

August 15, 2008.  BY THE COURT:

  s/ Joseph F. Bataillon
 Chief United States District Judge